**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10095 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00076-RCJ-CBC-1 |
| v. | |
| URBANO GONZALEZ-MARTIN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted April 17, 2020**
San Francisco, California

Before: BERZON and IKUTA, Circuit Judges, and LEMELLE,*** District Judge.

Urbano Gonzalez-Martin appeals his conviction following a conditional

guilty plea. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The case has been submitted on the briefs as of April 17, 2020, pursuant to FRAP 34(a).

\*** The Honorable Ivan L.R. Lemelle, United States District Judge for the Eastern District of Louisiana, sitting by designation.

Although the police officers lawfully entered the entryway of Morfin's residence to address her medical emergency, *see Brigham City v. Stuart*, 547 U.S. 398, 403 (2006), no broader search was justified by the emergency aid exception to the Fourth Amendment warrant requirement; the officers could provide Morfin with any necessary medical assistance while remaining in the entryway. Nor was a broader search justified by the protective sweep exception to the warrant requirement, because the government failed to identify any "articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing" that any other part of Morfin's residence "harbor[ed] an individual posing a danger to those on the arrest scene." *Maryland v. Buie*, 494 U.S. 325, 334 (1990). Even though, as the government argues, the officers had no way to rule out that someone else was inside the house, the Supreme Court has rejected exceptions to the warrant requirement based on "the danger that inheres" in encounters with criminals or violent crimes; rather, officers must have "reasonable, individualized suspicion." *Id.* at 334 n.2. Therefore, neither the police officers' entry into the living room of the residence (from where an officer could see a pistol on a table in the kitchen), nor the search of other rooms in the house and the garage, was excepted from the warrant requirement.

Because the police obtained the firearms evidence in violation of the Fourth Amendment, it is inadmissible under the exclusionary rule. *See Mapp v. Ohio*, 367 U.S. 643, 655 (1961). By the same token, Gonzalez-Martin's responses to police questioning about the firearms were inadmissible under the exclusionary rule as fruit of the poisonous tree. *Wong Sun v. United States*, 371 U.S. 471, 487–88 (1963). Excising this tainted evidence from the affidavit presented to the magistrate judge, there was insufficient evidence to support a probable cause determination for the subsequent search warrant for Morfin's residence. *United States v. Nora*, 765 F.3d 1049, 1058 (9th Cir. 2014).

Finally, the government's argument that the firearm evidence is admissible because the police inevitably would have discovered evidence that Gonzalez-Martin unlawfully possessed firearms, *see Nix v. Williams*, 467 U.S. 431, 449–50 (1984), fails. The government does not provide a plausible explanation as to why Morfin's cryptic statement about "all the guns inside of the house" and the information that Gonzalez-Martin had lived in the house until three weeks earlier would have led the police officers to conduct a criminal check on Gonzalez-Martin. Without that check, there would be no "probability or substantial chance" that evidence of a crime was inside the home. *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (quoting *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983)).

Accordingly, the district court erred in not excluding evidence of firearms found within the home. Because we reverse the denial of Gonzalez-Martin's motion to suppress and vacate his guilty plea, we do not reach his other arguments.

The judgment is **REVERSED**, the plea is **VACATED**, and this matter is **REMANDED** for further proceedings.